**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
THOMAS GIBB,                                              :
                                                          :
                         Plaintiff,          :    Civil Case No.: 18 Civ. 06888 (LAP)
                                                          :
                v.                                     :
                                                          :
TAPESTRY, INC. d/b/a Stuart Weitzman,                     :
                                                          :
                         Defendant.         :
                                                          :
------------------------------------------------------------ X

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TAPESTRY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**WIGDOR LLP**

David E. Gottlieb
Kenneth D. Walsh

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
dgottlieb@wigdorlaw.com
kwalsh@wigdorlaw.com

*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND .....................................................................................................................1

I.   Mr. Gibb was Subjected to Pervasive Harassment at Tapestry ...........................1

II.  Mr. Gibb Sues Tapestry for Discrimination, Harassment and Retaliation .........3

III. Tapestry's Instant Motion to Dismiss Mr. Gibb's Complaint ............................4

LEGAL ARGUMENT .............................................................................................................5

I.   TAPESTRY'S MOTION TO DISMISS MR. GIBB'S TITLE VII CLAIMS SHOULD BE DENIED AS MOOT AND/OR MERITLESS ............................5

   A.   Tapestry's Motion To Dismiss Is Moot .................................................5

   B.   The EEOC'S Initial Right To Sue Is Sufficient to Bring Claims ...........7

   C.   Tapestry Should Be Estopped From Opposing Proceeding In Federal Court ......................................................................................................11

II.  THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER MR. GIBB'S STATE AND CITY LAW CLAIMS ..........................................12

CONCLUSION .....................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Arroyo v. WestLB Admin., Inc.*,
   213 F.3d 625 (2d Cir. 2000) .................................................................................................... 9

*Burchette v. Abercrombie & Fitch Stores, Inc.*,
   No. 08 Civ. 8786 (RMB)(THK), 2010 WL 1948322 (S.D.N.Y. May 10, 2010) .................... 14

*Carlsbad Tech, Inc. v. HIF Bio, Inc.*,
   556 U.S. 635 (2009) ............................................................................................................... 12

*Chandler v. Fast Lane, Inc.*,
   868 F. Supp. 1138 (E.D. Ark. 1994) ........................................................................................ 8

*Collier v. Boymelgreen Developers*,
   No. 06 Civ. 5425 (SJ), 2007 WL 1452915 (E.D.N.Y. May 17, 2007) ..................................... 7

*Commodari v. Long Island Univ.*,
   89 F. Supp. 2d 353 (E.D.N.Y. 2000) ................................................................................. 8, 10

*de Ratafia v. Cty. of Columbia*,
   No. 12 Civ. 5457 (LAP)(DCF), 2013 WL 603128 (S.D.N.Y. Feb. 7, 2013) ......................... 13

*E.E.O.C. v. Bloomberg L.P.*,
   967 F. Supp. 2d 816 (S.D.N.Y. Sept. 9, 2013) ...................................................................... 13

*Edrehi v. Brookhaven Sci. Assocs., LLC*,
   No. 15 Civ. 5940 (SJF)(AYS), 2017 WL 446507 (E.D.N.Y. Aug. 30, 2017) ......................... 6

*Euro Trade & Forfaiting, Inc. v. Vowell*,
   No. 00 Civ. 8431 (LAP), 2002 WL 500672 (S.D.N.Y. Mar. 29, 2002) ................................. 13

*Fei Hang Chen v. Jing Fong Rest., Inc.*,
   582 F. Supp. 2d 602 (S.D.N.Y. 2008) .................................................................................... 12

*Figueira v. Black Entm't Television, Inc.*,
   944 F. Supp. 299 (S.D.N.Y. 1996) ........................................................................................... 9

*Ford v. City of Utica Parks Dep't*,
   100 F. Supp. 2d 148 (N.D.N.Y. 2000) ..................................................................................... 7

*Henschke v. New York Hosp.-Cornell Med. Ctr.*,
   821 F. Supp. 166 (S.D.N.Y. 1993) ..................................................................................... 9, 12

*Huang v. Gruner + Jahr USA Pub.*,
  No. 99 Civ. 5058 (DLC), 2000 WL 640660 (S.D.N.Y. May 17, 2000) ............................ 8, 9, 10

*Hussein v. Pierre Hotel*,
  No. 99 Civ. 2715 (DC), 2000 WL 776920 ................................................................................ 9

*LaGrande v. Key Bank Nat'l Ass'n*,
  393 F. Supp. 2d 213 (S.D.N.Y. 2005) ..................................................................................... 14

*McGrath v. Nassau Health Care Corp.*,
  217 F. Supp. 2d 319 (E.D.N.Y. 2002) ...................................................................................... 8

*Myers v. Bimbo Bakeries USA, Inc.*,
  No. 08 Civ. 1179 (CBA), 2011 WL 1240095 (E.D.N.Y. Feb. 10, 2011) .................................. 11

*Perez v. Mason Tenders Dist. Council Tr. Funds*,
  No. 17 Civ. 1022 (PAE)(AJP), 2017 WL 5125542 (S.D.N.Y. Nov. 1, 2017) ............................ 6

*Rodal v. Anesthesia Grp. of Onondaga, P.C.*,
  369 F.3d 113 (2d Cir. 2004) ..................................................................................................... 11

## Other Authorities

28 U.S.C. 1367 ................................................................................................................................ 12

29 C.F.R. § 1601.28(a)(2) ................................................................................................................. 8

42 U.S.C. § 2000e-5(f)(1) ............................................................................................................ 5, 6

Federal Rule of Civil Procedure 41(a)(2) ........................................................................................ 7

Plaintiff Thomas Gibb submits this memorandum of law in opposition to Defendant Tapestry, Inc.'s ("Tapestry" or the "Company") motion to dismiss Mr. Gibb's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, Tapestry's motion to dismiss should be denied both on the merits and/or as moot.

## PRELIMINARY STATEMENT

Tapestry does not dispute that Mr. Gibb alleges *prima facie* claims for discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Rather, in a pure act of delay, Tapestry asserts that Mr. Gibb did not exhaust his administrative remedies before commencing this action because the United States Equal Employment Opportunity Commission ("EEOC") neither formally "dismissed" Mr. Gibb's charge of discrimination nor waited 180 days before issuing a Notice of Right to Sue. Tapestry requests that Mr. Gibb's claims be remanded to the EEOC for several months despite the fact that the EEOC terminated its processing of Mr. Gibb's charge. Moreover, following Tapestry's motion, the EEOC was again presented with Mr. Gibb's charge of discrimination and this time formally dismissed the charge. Thus, at this point, even by Tapestry's own standards, any potential condition precedent to Mr. Gibb proceeding in this action has been met.

## BACKGROUND

I. **Mr. Gibb was Subjected to Pervasive Harassment at Tapestry**

Tapestry is a global fashion house that owns and operates the Coach, Stuart Weitzman and Kate Spade brands. ¶ 14.[1] On March 27, 2017, Mr. Gibb began his employment with Tapestry, initially holding the position of Vice President of Footwear Operations for the Coach

---

[1] Citations to "¶ __" refer to Mr. Gibb's Complaint. *See* Dkt. No. 1.

brand. *Id.* ¶¶ 22-24. On March 1, 2018, Mr. Gibb transitioned from Coach to the Stuart Weitzman brand, where he held the title of Vice President of Product Development Footwear. *Id.* ¶ 35.

Upon joining Stuart Weitzman, Mr. Gibb was immediately subjected to a constant barrage of sexual harassment based upon his gender and sexual orientation at the hands of Stuart Weitzman's then-Creative Director, Giovanni Morelli. *Id.* ¶ 36. By way of example only:

- During Mr. Gibb's very first meeting at Stuart Weitzman, Morelli welcomed him by asking, "How is your dick?" *Id.* ¶ 40.

- During the course of a March 2018 business trip in Spain, Morelli repeatedly engaged in sexually harassing conduct, including constantly touching Mr. Gibb's body and the back of his legs and repeatedly asking him, "How is your dick?" and "Is there any way you would ever consider not being straight?" *Id.* ¶ 44.

- During the course of a March 16, 2018 meeting with Morelli and other members of the Stuart Weitzman Design Team, Morelli asked Mr. Gibb for his shoe size. When Mr. Gibb stated that he wore a size 45 shoe, Morelli responded, "Wow you must have a huge dick – probably 25 centimeters." Morelli proceeded to say, "You are so straight though, it's so sad." *Id.* ¶ 46.

- In approximately mid-March 2018, Morelli began to exclusively refer to Mr. Gibb as "Tommy Straight." *Id.* ¶ 47.

- During the course of a March 19, 2018 meeting, Morelli put his arm around Mr. Gibb and asked, "What's wrong Tommy Straight?" Morelli proceeded to tell Mr. Gibb that he seemed "very uncomfortable," and stated, "Perhaps if you had a dick in your ass you would be more comfortable." *Id.* ¶ 48.

- During the course of a subsequent business trip in Spain, Morelli introduced Mr. Gibb to a crowd of people and stated, "This is Tommy Straight. Even if I saw him with a dick in his mouth, I wouldn't believe it – he is too straight." *Id.* ¶ 52.

- While Mr. Gibb was out of the office at the beginning of May 2018, Morelli drew two large penises and the name "Tommy Straight" on the whiteboard in Mr. Gibb's office. As Mr. Gibb's office has glass windows, these vulgar and obscene drawings were on display for all on his floor to see. *Id.* ¶¶ 55-56.

2

When Mr. Gibb complained of Morelli's harassing conduct to Tapestry's Human Resources department, Tapestry failed to take any appropriate action, and allowed Morelli's conduct to proceed unabated. *Id.* ¶¶ 57-65. After Mr. Gibb retained counsel and Tapestry realized that legal action might follow, Tapestry announced that Morelli had "resigned," while claiming that the Company was "committed to an environment where every individual feels respected," but acknowledging that Morelli's "behavior fell short of these standards." *Id.* ¶¶ 66-68. Tapestry further wrote, "we greatly admire" Morelli. *Id.* ¶ 69.

**II.    Mr. Gibb Sues Tapestry for Discrimination, Harassment and Retaliation**

On May 29, 2018, Mr. Gibb commenced an action against Tapestry and Morelli under the NYSHRL and NYCHRL in the Supreme Court of the State of New York, New York County bearing index number 155005/2018 (the "State Court Action"). *See* Ex. 1.[2] On June 4, 2018, Mr. Gibb also filed a Charge of Discrimination with the EEOC based upon the facts alleged and claims asserted in the State Court Action (the "Initial Charge"). *See* Ex. 2.

In a brazen act of retaliation, on June 18, 2018 – less than three weeks after Mr. Gibb commenced the State Court Action – Tapestry fired Mr. Gibb and commenced a baseless lawsuit against him in the Supreme Court of the State of New York, New York County bearing index number 653042/2018 (the "Tapestry Action"). ¶¶ 78; Ex. 3. Tapestry claimed that a May 28, 2018 New York Times article titled "Flip Flips for the Greater Good" revealed Mr. Gibb's supposed "extensive ongoing involvement" with a small flip-flop company Mr. Gibb started with his brother called Homegrown For Good LLC d/b/a Tidal New York ("Tidal"). ¶¶ 79-80. Tapestry further alleged that Mr. Gibb's involvement in Tidal breached both his employment agreement with Tapestry. However, the baselessness and retaliatory nature of Mr. Gibb's

---

[2]    Citations to "Ex. __" refer to exhibits annexed to the Declaration of David E. Gottlieb submitted in opposition to Tapestry's motion to dismiss Mr. Gibb's Complaint.

3

termination and the Tapestry Action are underscored by the facts that, *inter alia*, Tapestry was, at all times, aware of Mr. Gibb's involvement with Tidal, and Tapestry made no effort whatsoever to allege that Tidal competes with Tapestry or that Tapestry suffered any damages.[3]

In light of Tapestry's blatant retaliation, on July 23, 2018, Mr. Gibb filed an Amended Charge of Discrimination with the EEOC in order to include a claim against Tapestry for unlawful retaliation (the "Amended Charge"). *See* Ex. 4.  On July 30, 2018, the EEOC issued a Notice of Right to Sue with respect to Mr. Gibb's claims for discrimination and retaliation against Tapestry (the "Initial Right to Sue").  ¶ 11; *see also* Ex. 5.  In the Initial Right to Sue, the EEOC wrote that it was "terminating its processing" of Mr. Gibb's charges because it was "unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of th[e] charge."  *Id.*  Accordingly, on July 31, 2018, Mr. Gibb commenced this action, asserting claims arising under Title VII for unlawful discrimination and retaliation, and claims arising under the NYSHRL and NYCHRL for unlawful retaliation.[4]  *See* Dkt. No. 1.

### III.  Tapestry's Instant Motion to Dismiss Mr. Gibb's Complaint

On September 7, 2018, Tapestry filed the instant motion to dismiss Mr. Gibb's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In its motion, Tapestry does not dispute that Mr. Gibb has alleged a *prima facie* case of discrimination and retaliation.  Rather, Tapestry claims that Mr. Gibb failed "to exhaust administrative remedies because he has failed to secure a valid right-to-sue notice from the EEOC."  *See* Memorandum of Law in Support of Defendant's Motion to

---

[3]  Mr. Gibb has moved to dismiss the Tapestry Action in its entirety, and his motion to dismiss is presently *sub judice*.

[4]  As Mr. Gibb's claims for unlawful discrimination under the NYSHRL and NYCHRL against Tapestry were still pending in the State Court Action, they have not yet been asserted in this action.  However, on September 14, 2018, while the instant motion was pending, the State Court Action was dismissed without prejudice so the parties could proceed before this Court. *See* Ex. 6. Mr. Gibb will be amending his Complaint in this action to include those claims.

Dismiss ("Def.'s Mem."), Dkt. No. 10, at 4. Specifically, Tapestry claims that the EEOC failed to either "dismiss" Mr. Gibb's claims or wait 180 days before issuing its Initial Right to Sue, and that a Right to Sue issued before 180 days is invalid. *Id.* at 6-7. Tapestry further asserts that this Court should decline to exercise supplemental jurisdiction over Mr. Gibb's related claims arising under the NYSHRL and NYCHRL. *Id.* at 11-12.

Out of an abundance of caution, on September 13, 2018, Mr. Gibb re-filed a supplemental charge of discrimination with the EEOC concerning the discriminatory and retaliatory conduct previously identified in the Initial Charge and Amended Charge (the "Second EEOC Charge"). *See* Ex. 7. On September 14, 2018, the EEOC issued a formal dismissal of Mr. Gibb's re-filed charge of discrimination (the "Second Right to Sue"). *See* Ex. 8. As the EEOC has now formally dismissed Mr. Gibb's claims against Tapestry, Defendant's motion to dismiss Mr. Gibb's Complaint for failure to exhaust administrative remedies is moot. Therefore, and for the reasons set forth herein, Tapestry's motion to dismiss should be denied in its entirety.

## LEGAL ARGUMENT

### I. TAPESTRY'S MOTION TO DISMISS MR. GIBB'S TITLE VII CLAIMS SHOULD BE DENIED AS MOOT AND/OR MERITLESS

#### A. Tapestry's Motion To Dismiss Is Moot

Title VII provides in relevant part that, after filing a charge of discrimination with the EEOC, an individual may commence an action in federal court if the charge "is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . ."[5] 42 U.S.C. § 2000e-5(f)(1). Therefore, when the

---

[5] Tapestry's quotation of the relevant provision concerning exhaustion of administrative remedies inaccurately suggests that the clause "whichever is later" is meant to apply to either the EEOC's dismissal of a charge or the expiration of 180 days. *See* Def.'s Mem. at 5. However, in citing the statute, Tapestry omits the entirety of the phrase, which states that a claimant may commence an action "[i]f a charge filed with the Commission . . . is dismissed by the

EEOC formally dismisses a claim – for whatever reason – an individual has fully exhausted administrative remedies and may commence a federal action.  *Id.*

Tapestry's motion to dismiss for failure to exhaust administrative remedies should be denied as moot, as the EEOC issued a dismissal of Mr. Gibb's claims for discrimination and retaliation in the Second EEOC Charge after Tapestry filed the instant motion.  Specifically, on September 14, 2018, the EEOC issued a "Dismissal and Notice of Rights" letter stating that the EEOC was dismissing Mr. Gibb's claims for discrimination and retaliation and that Mr. Gibb could proceed with these claims in federal court within 90 days.  *See* Ex. 8.

Courts have observed that this specific document constitutes a "dismissal" for purposes of exhaustion of administrative remedies under Title VII.  *See Edrehi v. Brookhaven Sci. Assocs., LLC*, No. 15-CV-5940 (SJF)(AYS), 2017 WL 446507, at *12 (E.D.N.Y. Aug. 30, 2017) ("Where the EEOC dismisses the claim it issues a letter entitled 'Dismissal and Notice of Rights.'"); *see also Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17 Civ. 1022 (PAE)(AJP), 2017 WL 5125542, at *1 (S.D.N.Y. Nov. 1, 2017) (observing that a claim was deemed "dismissed" by the EEOC upon issuance of a "Dismissal and Notice of Rights" letter to the plaintiff).

Tapestry concedes that the dismissal of a claim by the EEOC is sufficient to satisfy Title VII's exhaustion requirement.  Tapestry's motion focuses primarily on the requirement that "the EEOC wait at least 180 days before issuing a right-to-sue notice," including asserting that the EEOC issued its Initial Right to Sue in this action "well before 180 days-had elapsed, rendering

---

Commission, or if within one hundred and eighty days from the filing of such charge ***or the expiration of any period reference under subsection (c) or (d)***, whichever is later . . . ."  42 U.S.C. § 2000e-5(f)(1) (emphasis added).  Thus, it is clear that the clause "whichever is later" applies to either the expiration of 180 days or the time frames established subsection (c) or (d), which provisions are not relevant for purposes of Mr. Gibb's claims.

6

the Notice invalid." *See* Def.'s Mem. at 5-7.  However, as it is undisputed that *either* the dismissal of a claim *or* the expiration of 180 days without the EEOC commencing an action is sufficient to assert a claim in federal court, there should no longer be an issue to litigate.  Tapestry's motion is rendered moot.

To the extent the Court holds that the Second Right to Sue cannot serve as a basis for having commenced this action because it was issued after Mr. Gibb filed his Complaint, Plaintiff simply requests that he be permitted to withdraw his claims in this action without prejudice and be permitted to recommence an action based upon the Second Right to Sue.  Pursuant to Fed. R. Civ. P. 41, the Court may order the dismissal of claims "on terms that the court considers proper," and courts routinely dismiss claims without prejudice and with leave to replead based upon arguably ineffective right-to-sue letters.[6]  *See* Fed. R. Civ. P. 41(a)(2); *see also Ford v. City of Utica Parks Dep't*, 100 F. Supp. 2d 148, 149 (N.D.N.Y. 2000) (observing that a dismissal based on a Notice of Right to Sue issued after commencement of an action requires that dismissal be without prejudice); *Collier v. Boymelgreen Developers*, No. 06-CV-5425 (SJ), 2007 WL 1452915, at *7 (E.D.N.Y. May 17, 2007) (permitting the plaintiff to re-plead claims based upon a right-to-sue letter issued after commencement of an action).

### B.     The EEOC'S Initial Right To Sue Is Sufficient to Bring Claims

Even assuming the Court declines to consider the Second Right to Sue as operative (and also does not believe dismissal without prejudice followed by recommencement is appropriate), Tapestry's motion to dismiss should still be denied on the merits.

---

[6]     Out of an abundance of caution, Mr. Gibb's request is made pursuant to Fed. R. Civ. P. 41(a)(2) to ensure that any withdrawal of claims not be treated as a second dismissal for purposes of Fed. R. Civ. P. 41(a)(1)(B).

7

As an initial matter, the Initial Right to Sue issued in this action was sufficient as the EEOC stated that it was "***terminating***" the processing of Mr. Gibb's claim because it would be unable to investigate Mr. Gibb's claim within 180 days and attached a written certification to that effect.  *See* Ex. 5.  Respectfully, the EEOC "dismissed" Mr. Gibb's charge by "terminating" its processing.  Courts have observed that the "termination" of a claim is effectively a "dismissal" of that claim, and, as discussed above, the "dismissal" of a claim is sufficient to satisfy Title VII's exhaustion requirement.  *See, e.g.*, *Chandler v. Fast Lane, Inc.*, 868 F. Supp. 1138, 1141 (E.D. Ark. 1994) (holding that a right to sue was sufficient where the EEOC "terminated its involvement with plaintiffs' claims").  Therefore, the Initial Right to Sue satisfies the first prong of the Title VII exhaustion statute.

However, even if the Initial Right to Sue did not constitute a "dismissal" of Mr. Gibb's claims, the EEOC's regulations permit the EEOC to issue a right-to-sue letter prior to the expiration of 180 days if:  (i) the claimant requests an early right to sue in writing; (ii) the EEOC has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days of filing; and (iii) the EEOC has attached a written certificate to that effect.  29 C.F.R. § 1601.28(a)(2).  Relevant here, courts have observed that the EEOC regulation permitting early right-to-sue letters advances Title VII's enforcement provisions by "ensur[ing] that parties are not required to wait indefinitely for administrative action."  *Huang v. Gruner + Jahr USA Pub.*, No. 99 Civ. 5058 (DLC), 2000 WL 640660, at *2 (S.D.N.Y. May 17, 2000).

Although the Second Circuit has not addressed the issue of the validity of early right-to-sue letters, numerous courts have found the EEOC's regulation to be valid and have permitted early right-to-sue letters.  *See, e.g.*, *McGrath v. Nassau Health Care Corp.*, 217 F. Supp. 2d 319,

327 (E.D.N.Y. 2002) (holding that an early right-to-sue letter was permissible); *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 382 (E.D.N.Y. 2000) ("The notion that invalidating early right-to-sue letters will spur the EEOC to action ignores the realities of the EEOC's caseload and the level to which it has been funded in recent years."); *Hussein v. Pierre Hotel*, No. 99 Civ. 2715 (DC), 2000 WL 776920, at *5 (holding that "right to sue letters issued by the EEOC . . . prior to the expiration of the 180-day administrative review period are valid"); *see also Arroyo v. WestLB Admin., Inc.*, 213 F.3d 625, 625 (2d Cir. 2000) ("We have not previously addressed whether a district court may entertain a Title VII action when the EEOC has issued a right-to-sue letter within the 180-day period contemplated by 42 U.S.C. § 2000e-5(f)(1).").

Plaintiff is cognizant of the countervailing case law concerning the validity of early right-to-sue letters, including this Court's holding in *Henschke v. New York Hosp.-Cornell Med. Ctr.*, 821 F. Supp. 166 (S.D.N.Y. 1993). However, Mr. Gibb respectfully submits that the language of Title VII's exhaustion statute does not render early right-to-sue letters invalid as a matter of law. To that end, although the exhaustion statute *requires* that a right-to-sue letter be issued if one of the two conditions are satisfied, the exhaustion statute neither states that those are the only situations in which the EEOC may issue a right-to-sue letter nor otherwise prohibits issuance of right-to-sue letters where the EEOC determines that it would be administratively infeasible or impractical to wait 180 days. *See Figueira v. Black Entm't Television, Inc.*, 944 F. Supp. 299, 305 (S.D.N.Y. 1996) (observing that "the word 'if' together with 'shall' [in the exhaustion statute] does not bar the conclusion that when neither of the two conditions occurs, the Commission still *may* issue a notice of right to sue"); *see also Huang*, 2000 WL 640660, at *2 (holding that the EEOC's early right-to-sue regulation does not conflict with Title VII's exhaustion statute). Therefore, Plaintiff respectfully submits that the EEOC's regulation is not

9

"in direct conflict" with Title VII's exhaustion requirement and the Initial Right to Sue issued to Mr. Gibb was valid.

Furthermore, to the extent Tapestry asserts that "keeping a case at the administrative stage for 180 days encourages voluntary resolutions of disputes," that proposition is undermined by the fact that Tapestry has refused to engage in settlement negotiations. In particular, after Mr. Gibb informed Tapestry that his termination was retaliatory and that he intended to pursue retaliation claims (in addition to the discrimination claims), Tapestry's counsel informed Mr. Gibb's counsel that Tapestry was not interested in discussing a resolution of his claims. Tapestry cannot legitimately argue that it has been deprived of a process designed to resolve disputes when it has declined to enter into settlement negotiations in the first place.

Finally, Tapestry's argument that the Initial Right to Sue "deprive[d] Tapestry of its right to participate in the administrative process," is incorrect given that the EEOC stated that it would be unable to complete its investigation of Mr. Gibb's claim within 180 days. Therefore, even accepting as true that Tapestry did not have a meaningful opportunity to participate in the administrative process, because no such administrative process would have actually been able to occur, Tapestry was not deprived of any such procedural right such that the Initial Right to Sue should be deemed ineffective or as being contrary to the purposes or intent of Title VII. *See Huang*, 2000 WL 640660, at *2 (observing that Title VII is meant to ensure that parties are not required to wait indefinitely for administrative action); *Commodari*, 89 F. Supp. 2d at 382 ("The notion that invalidating early right-to-sue letters will spur the EEOC to action ignores the realities of the EEOC's caseload and the level to which it has been funded in recent years.").

Based upon the foregoing, the EEOC's Initial Right to Sue satisfied Title VII's exhaustion requirement and Defendant's motion to dismiss should be denied.

### C.     <u>Tapestry Should Be Estopped From Opposing Proceeding In Federal Court</u>

The doctrine of judicial estoppel "prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Myers v. Bimbo Bakeries USA, Inc.*, No. 08-CV-1179 (CBA), 2011 WL 1240095, at *5 (E.D.N.Y. Feb. 10, 2011). Judicial estoppel applies where "(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004).

Here, Tapestry should be estopped from asserting that this action is improperly before this Court as Tapestry consented to dismissal of the State Court Action so that all of Plaintiff's claims of discrimination and retaliation could proceed in federal court. Specifically, after the EEOC issued the Initial Right to Sue, on July 31, 2018, Mr. Gibb requested that the State Court Action be discontinued so that each of his claims could proceed as a single action in this Court as it would "serve judicial economy for there to be a single action to resolve the claims at issue, as one action will consume considerably less time and resources for the judicial system and for counsel to all parties." *See* Ex. 9.

In response to Mr. Gibb's motion to discontinue, Tapestry affirmed that it "does not oppose a discontinuance of [the State Court Action]." Ex. 10 at ¶¶ 2, 12. Indeed, Tapestry further acknowledged that it would be "forced to . . . continue discovery in federal court" upon discontinuance of the State Court Action. *Id.* ¶ 8. The reasonable interpretation of Tapestry's assertions in the State Court Action is that it consented to proceeding in federal court and that discovery should proceed in this action. As the state court adopted Tapestry's position by

discontinuing the State Court Action, Tapestry should be estopped from arguing that Mr. Gibb's claims should not proceed in this Court.

## II. THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER MR. GIBB'S STATE AND CITY LAW CLAIMS

Even if the Court were to grant Defendant's motion, it should retain supplemental jurisdiction over Mr. Gibb's state and city law claims and allow discovery to proceed. A court may exercise supplemental jurisdiction over state law claims where they "are so related to claims in the action within such original jurisdiction that they form party of the same case or controversy." *See* 28 U.S.C. 1367; *see also Fei Hang Chen v. Jing Fong Rest., Inc.*, 582 F. Supp. 2d 602, 603 (S.D.N.Y. 2008) (observing that, where "federal claims are dismissed, a federal court may, in its discretion, retain supplemental jurisdiction over the state claims . . ."). In determining whether to retain supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.343, 350 (1988). Ultimately, the decision of whether to exercise supplemental jurisdiction is "purely discretionary." *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009).

It is difficult to fathom a scenario where the retention of supplemental jurisdiction is more appropriate than here. Tapestry does not dispute that Mr. Gibb alleges a *prima facie* claim for discrimination and retaliation under Title VII, the NYSHRL and the NYCHRL, and Tapestry does not seek dismissal of Mr. Gibb's Title VII claims on their merits. Accordingly, if the Court were to dismiss or remand Mr. Gibb's Title VII claims to the EEOC, it is undisputed that any such dismissal or remand would be without prejudice, and that Mr. Gibb's Title VII claims will be litigated in federal court within a few weeks or months.[7]

---

[7]     Indeed, this Court has specifically observed that, upon remanding Title VII claims to the EEOC, "in some 180 days the Court and the parties will find themselves in the exact same position they find themselves today." *Henschke*, 821 F. Supp. at 171.

As each of Mr. Gibb's claims will ultimately proceed in federal court, retaining jurisdiction over Mr. Gibb's state and city law claims would unquestionably serve judicial economy and promote a more efficient and expeditious resolution. To that end, discovery taken with respect to Mr. Gibb's NYSHRL and NYCHRL claims will be virtually identical in all respects to discovery taken for his Title VII claims. Therefore, in the event the Court dismisses Mr. Gibb's Title VII claims, it should exercise its discretion and retain jurisdiction over his NYSHRL and NYCHRL claims and allow discovery to proceed with respect to those claims. *See de Ratafia v. Cty. of Columbia*, No. 12 Civ. 5457 (LAP)(DCF), 2013 WL 603128, at *3 (S.D.N.Y. Feb. 7, 2013) (holding that it was "in the interest of judicial economy, convenience, fairness, and comity" to exercise supplemental jurisdiction over state law claims where the defendants "effectively concede[d] that Plaintiffs have adequately plead a federal question claim against them"); *Euro Trade & Forfaiting, Inc. v. Vowell*, No. 00 Civ. 8431 (LAP), 2002 WL 500672, at *12 (S.D.N.Y. Mar. 29, 2002) (exercising supplemental jurisdiction over state law claims where dismissal of federal claims was "without prejudice to renewal"); *see also E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816 (S.D.N.Y. Sept. 9, 2013) ("[C]laims asserted under Title VII and the NYSHRL are analyzed pursuant to the same standard; therefore, analysis of identical claims brought by an individual under both of these laws can be performed in tandem.").

Tapestry asserts that retaining jurisdiction over Mr. Gibb's state and city law claims "would run contrary to judicial economy, convenience and fairness" due to the then-pending State Court Action. Def.'s Mem. at 12. However, the State Court Action was dismissed on September 14, 2018. *See* Ex. 6. In reality, if Tapestry were truly eager to proceed with discovery, Tapestry should have no objection to this Court retaining jurisdiction and proceeding

with discovery. Any argument to the contrary only underscores the true nature of Tapestry's motion – a transparent attempt at delay.

Similarly unpersuasive is Tapestry's assertion that, "[a]fter dismissing Title VII claims, courts in this district have declined to exercise jurisdiction over NYSHRL and NYCHRL claims." Def.'s Mem. at 11. To that end, the case law upon which Tapestry relies is plainly distinguishable, as the courts in those cases declined to retain jurisdiction over state law claims after dismissing federal claims **on their merits**. *See, e.g.*, *Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 Civ. 8786 (RMB)(THK), 2010 WL 1948322, at *12 (S.D.N.Y. May 10, 2010) (declining to exercise supplemental jurisdiction over state law claims after granting the defendant's motion for summary judgment with respect to federal claims); *LaGrande v. Key Bank Nat'l Ass'n*, 393 F. Supp. 2d 213, 223 (S.D.N.Y. 2005) (declining to exercise supplemental jurisdiction over state law claims where the plaintiff failed to allege a *prima facie* claim of discrimination under Title VII). As Tapestry does not seek a dismissal of Mr. Gibb's Title VII claims on their merits, and because each of Mr. Gibb's claims will ultimately proceed in federal court, the Court should retain supplemental jurisdiction in the event it remands Mr. Gibb's Title VII claim to the EEOC.

Therefore, Tapestry's motion to dismiss Plaintiff's claims arising under the NYSHRL and NYCHRL should be denied.

## CONCLUSION

For the reasons set forth herein, Defendant's motion to dismiss Mr. Gibb's Complaint should be denied in its entirety.

Dated: September 21, 2018
       New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    David E. Gottlieb
    Kenneth D. Walsh

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
dgottlieb@wigdorlaw.com
kwalsh@wigdorlaw.com

*Counsel for Plaintiff*